UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURIE LOUNSBURY,

       Plaintiff,

v.                                                       Case Number: 13-14431
                                                       Honorable Victoria A. Roberts

CITIMORTGAGE, INC., et al.,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DOC. # 5)

       Plaintiff Laurie Lounsbury originally filed this action in Washtenaw County Circuit Court against CitiMortgage, Inc., Unknown Trust, and Unknown Trustee ("Defendants") on September 17, 2013. On October 22, 2013, Defendants timely removed the action to this Court; attached to their Notice of Removal was the summons and complaint from the state court action. On November 21, 2013, Plaintiff filed a Motion to Remand. (Doc. # 5). This matter is fully briefed.

       Plaintiff asks the Court to remand this action to state court because Defendants failed to attach all documents from the state court record to their Notice of Removal, as required by statute. *See* 28 U.S.C. § 1446(a) ("A defendant ... desiring to remove any civil action from a State court shall file ... a notice of removal ... with a copy of all process, pleadings, and orders served upon such defendant ... in such action.").

       Defendants say their failure to attach any documents to their Notice of Removal "is a simple [] procedural defect that has been remedied because" they attached to their response brief all documents they obtained in the state court action. Plaintiff says

Defendants still have not attached the Notice of Hearing for the motion to set aside the sheriff's sale or Proof of Service for the Notice of Hearing. Because Defendants have not produced all documents from the state court record, their defect has not been remedied.

Nevertheless, Defendants argue that remand is unjustified and improper for such a minor procedural error. The Court agrees.

There are two viewpoints on the issue of whether minor procedural defects in a removal notice requires remand. "The predominant view is that the removing party's failure to file the required state court papers is 'curable in the federal courts if there is a motion to remand.'" *See In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, 692 F.Supp.2d 1025, 1030 (S.D. Ill. 2010) (and cases cited). Although the Sixth Circuit has not adopted either viewpoint, the predominant view is consistent with other case law in the Circuit. *See Klein v. Manor Healthcare Corp.*, 19. F.3d 1433, 1994 WL 91786, at * 4 (6th Cir. 1994)(citations omitted) ("In recent years, this court has expressed a reluctance to interpret statutory removal provisions in a grudging and rigid manor, preferring instead to read them in a light of more consonant with a modern understanding of pleading practices.").

Although the Court may order remand for procedural defects in a removal notice, doing so here is unwarranted based on Defendants' minor defect and the ability for it to be cured without prejudice to Plaintiff. *See Christenson Media Group, Inc. v. Lang Industries, Inc.*, 782 F.Supp.2d 1213, 1219 (D. Kan. 2011) (holding that "minor procedural defect[s]" do not "typically justif[y] remand" and that "this court is well within it discretion to prevent remand based upon a mere technical defect"). The Court will allow

Defendants to cure their defect by filing all documents from the state court record, including the Notice of Hearing and Proof of Service for the Notice of Hearing.

Plaintiff's Motion to Remand is **DENIED**.  Defendants must file an amended notice of removal on or before **Tuesday, January 14, 2014**, and attach thereto a copy of all documents from the state court record.  If Defendants fail to do this, the Court will remand this action to state court.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 8, 2014

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 8, 2014.
>
> S/Linda Vertriest
> Deputy Clerk